```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

TERRY CUTRIGHT, and
JOHN WILSON, on behalf of
themselves and others similarly
situated,

      Plaintiffs,

v.                                Civil Action No. 2:16-6346

MAYOR DANNY JONES, individually
and in his official capacity,
THE CITY OF CHARLESTON, and its
Division THE CHARLESTON POLICE
DEPARTMENT,

      Defendants.


## MEMORANDUM OPINION & ORDER

Pending is a motion by defendants to stay discovery pending resolution of the motion to dismiss which raises issues of qualified immunity, filed December 15, 2016.  On December 16, 2016, the court entered an order staying the Rule 26(a)(1) disclosures and all events on the scheduling order until plaintiffs had an opportunity to respond to the motion for a stay. Plaintiffs have not responded to the motion.

Under Fed. R. Civ. P. Rule 26(c)(1), the court has the authority to stay discovery pending the outcome of a dispositive motion.  See Thigpen v. United States, 800 F.2d 393, 396-397 (4th Cir. 1986).

The court notes that the defendants' motion to dismiss could be dispositive of the matter, as they contend that the case should be dismissed because some or all of the defendants are entitled to statutory or qualified immunity. There are no cross-claims or counterclaims and all defendants join in the motion to stay.

Defendants argue that it is proper to resolve the issues of immunity in order to protect defendants from what may be unnecessary and costly discovery. Id. As noted previously, plaintiffs have not responded to the motion.

Having considered the applicable factors, particularly in light of the assertion of qualified and statutory immunity by the defendants, the court finds that a stay is warranted. One of the purposes of qualified immunity is to "free officials from the concerns of litigation, including avoidance of disruptive discovery." Ashcroft v. Iqbal, 556 U.S. 662, 685 (2009) (internal citations and quotations omitted). By first determining whether any of the defendants are entitled to qualified or statutory immunity, the court can ensure that these parties do not lose some of the protections of that immunity by participating in discovery in the intervening time. Furthermore, plaintiffs will not suffer any clear hardship by waiting for a ruling on the motions to

dismiss. A stay would likely delay by only a few months any recovery it receives in this case.

Accordingly, the court ORDERS that the defendants' motion to stay discovery pending resolution of the motion to dismiss, filed December 15, 2016, be, and it hereby is, granted. It is further ORDERED that discovery in this matter be, and it hereby is, stayed pending resolution of the defendants' motion to dismiss.

The Clerk is directed to transmit this order to all counsel of record and any unrepresented parties.

ENTER: January 25, 2017

John T. Copenhaver, Jr.
United States District Judge